PER CURIAM.
Except for the award of child support, we affirm the “Final Judgment for Child Support and Division of Marital Assets” as modified on rehearing in this long-disputed, bifurcated dissolution proceeding. The final judgment explains that the former wife requested $1,900.00 in child support from the former husband plus 89% of the child care expenses for the couple’s two children. The former husband maintained that he should pay $591.05, retroactive to September 1993. The trial court rejected both calculations and awarded $700.00 per month, beginning September 1, 1994.
The record does not disclose the income assumptions made by the trial court in reaching this award. Although the record contains numerous financial affidavits, it does not contain any child support guidelines worksheet. From the affidavits, the trial court could have decided that the former wife had a net monthly income as low as $800.00 or as high as $1,850.00. The former husband is a licensed attorney whose net monthly income appears to be in excess of $3,000.00, and may significantly exceed that amount. Relying on the guidelines and the evidence in our record, this court has been unable to calculate a child support obligation for the former husband that is lower than $900.00 per month.
*630 In her motion for rehearing, the former wife requested that the trial court disclose the basis for its child support award. The court explained in its order on rehearing that the award was based on the former husband’s calculations establishing that he should pay child support in the amount of $719.18 per month. We have been unable to locate those calculations in the extensive record. Such calculations would necessarily assume that the former husband, as an attorney with fifteen years of experience, was able to earn less than $24,000.00 per year.
This case involves two additional complications. First, the former husband filed a bankruptcy petition while the case was pending on appeal. The bankruptcy proceeding stayed the appeal and presumably affected his economic situation. Second, Judge Pel-lecchia, who conducted numerous hearings and evidentiary proceeding in this case, re-cused himself at the time of the rehearing. The case will apparently be considered by Judge Nelson on remand. In light of these circumstances, we conclude that the award of child support should be reversed. On remand, the trial court shall consider the current economic status of the parties in setting future child support, and may make any adjustment in past child support that is authorized by the evidence in the record.
Affirmed in part, reversed in part, and remanded for further proceedings.
ALTENBERND, A.C.J., and LAZZARA and QUINCE, JJ., concur.